# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

ANTOINE HANNON,

               Plaintiff,

    v.

MATTHEW C. KRAMER, et al.,

               Defendants.

_____/

CASE NO. 1:05-CV-00622-REC-SMS-P

ORDER DENYING REQUESTS FOR
EVIDENTIARY HEARING AND JUDICIAL
NOTICE, AND DISMISSING COMPLAINT
WITH LEAVE TO AMEND

(Doc. 1)

I.    <u>Screening Order</u>

    A.    <u>Screening Requirement</u>

       Plaintiff Antoine Hannon ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on April 28, 2005.

       The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

B.      Summary of Plaintiff's Complaint

The events at issue in the instant action allegedly occurred at the Sierra Conservation Center in Jamestown, where plaintiff is presently incarcerated. Plaintiff names Warden Matthew C. Kramer, Health Care Manager Jean Howard, M.D., and Georgia Thomatos, M.D. as defendants. Plaintiff is seeking money damages and an injunction requiring prison officials to provide further medical treatment to plaintiff. In addition, plaintiff requests an evidentiary hearing and requests that the court take judicial notice of his exhibits.

Evidentiary hearings are not held as a matter of course in civil rights actions, and there is no basis for one at this juncture. Therefore, plaintiff's request is denied.

With respect to plaintiff's exhibits, judicial notice is not a prerequisite to consideration of the exhibits by the court. "A judicially noticed fact must be one *not* subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b) (emphasis added). Plaintiff's exhibits are not appropriate subject matter for judicial notice. Accordingly, plaintiff's request is denied.

C.      Plaintiff's Section 1983 Claims

1.      Claim Against Defendant Thomatos

In his complaint, plaintiff alleges that on August 1, 2004, he fell and injured his left rib cage area. Plaintiff was prescribed Motrin and scheduled for an x-ray. On August 2, 2004, plaintiff was

2

1   seen by defendant Thomatos, his treating physician.  Defendant noted that plaintiff's twelfth rib was

2   displaced anteriorly and diagnosed plaintiff as having probable lower rib fracture.  Defendant

3   prescribed Motin, but provided no further treatment pending receipt of the x-rays.

4       On August 16, 2004, plaintiff was seen by Dr. L. Iannone, who noted plaintiff had a

5   protruding rib, diagnosed plaintiff as having a separated rib, requested a repeat chest x-ray, and

6   prescribed Motrin.  On August 23, 2004, plaintiff was seen again by defendant Thomatos.  Plaintiff

7   told defendant that the Motrin was not helping.  Defendant noted that plaintiff still had anterior

8   displacement of the ribs, told plaintiff that he would probably have the deformity forever, but that

9   the pain would subside in six to eight weeks, and prescribed Motrin again.  Plaintiff alleges that the

10  treatment provided by defendant Thomatos was inadequate and violated his rights.

11      To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison

12  conditions must involve "the wanton and unnecessary infliction of pain."  Rhodes v. Chapman, 452

13  U.S. 337, 347 (1981).  A prisoner's claim of inadequate medical care does not rise to the level of an

14  Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal

15  civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate

16  indifference in doing so.'"  Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett

17  v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  A prison official does not act in

18  a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to

19  inmate health or safety."  Farmer v. Brennan, 511 U.S. 825, 834 (1994).  Deliberate indifference may

20  be manifested "when prison officials deny, delay or intentionally interfere with medical treatment,"

21  or in the manner "in which prison physicians provide medical care."  McGuckin v. Smith, 974 F.2d

22  1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133,

23  1136 (9th Cir. 1997) (en banc).

24      Plaintiff's allegations do not support a claim that his rights under the Eighth Amendment

25  were violated by defendant Thomatos.  "Deliberate indifference is a high legal standard."  Toguchi,

26  391 F.3d at 1060.  At most, plaintiff allegations establish that he disagrees with defendant's course

27  of treatment for his injured ribs and believes he should be provided with additional and different

28  treatment.  However, "[a] difference of opinion between a prisoner-patient and prison medical

authorities regarding treatment does not give rise to a s 1983 claim." <u>Franklin v. Oregon</u>, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted).  Plaintiff's allegations simply do not support a claim that defendant "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health . . . ." <u>Farmer</u>, 511 U.S. at 837.

2.   <u>Claim Against Defendants Kramer and Howard</u>

Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of <u>respondeat superior</u>.  When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged.  <u>See</u> <u>Fayle v. Stapley</u>, 607 F.2d 858, 862 (9th Cir. 1979); <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978), <u>cert.</u> <u>denied</u>, 442 U.S. 941 (1979).  To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'"  <u>Hansen v. Black</u>, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989).  Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983.  <u>See</u> <u>Leatherman v. Tarrant County Narcotics Unit</u>, 507 U.S. 163, 168 (1993).

Plaintiff may not impose liability on defendants Kramer and Howard on the basis that they hold managerial positions at the prison.  Further, in this instance, plaintiff's complaint does not state a claim against his treating physician.  Therefore, there is no basis upon which to impose supervisory liability, even if plaintiff had alleged sufficient facts linking defendants Kramer and Howard to acts or omissions relating to his medical treatment.

D.   <u>Conclusion</u>

The court finds that plaintiff's complaint does not contain any claims upon which relief may be granted under section 1983.  The court will provide plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the court in this order.

///

Plaintiff is informed he must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1.    Plaintiff's requests for an evidentiary hearing and judicial notice of his exhibits are DENIED;

2.    Plaintiff's complaint is dismissed, with leave to amend, for failure to state any claims upon which relief may be granted under section 1983;

3.    The Clerk's Office shall send plaintiff a civil rights complaint form;

4.    Within **thirty (30) days** from the date of service of this order, plaintiff shall file an amended complaint; and

5.    If plaintiff fails to file an amended complaint in compliance with this order, the court will recommend that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

**Dated:    October 31, 2005**                    **/s/ Sandra M. Snyder**
icido3                                         UNITED STATES MAGISTRATE JUDGE