# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE HANNON, | CASE NO. 1:05-CV-00622-REC-SMS-P |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED UNDER SECTION 1983 |
| v. | |
| MATTHEW C. KRAMER, et al., | |
| Defendants. | (Doc. 13) |

I.  Findings and Recommendations Following Screening of Amended Complaint

    A.  Screening Requirement

Plaintiff Antoine Hannon ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on April 28, 2005. On November 1, 2005, the court dismissed plaintiff's complaint, with leave to amend, for failure to state a claim upon which relief may be granted under section 1983. Plaintiff filed an amended complaint on November 28, 2005.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

///

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

B.      Plaintiff's Eighth Amendment Medical Care Claims

The events at issue in the instant action allegedly occurred at the Sierra Conservation Center (SCC) in Jamestown, where plaintiff was housed at the time. Plaintiff names Warden Anthony J. Malf and doctors Georgia Thomatos, L. Sydenstricker, and L. Iannone as defendants. Plaintiff is seeking money damages.

In his amended complaint, plaintiff alleges that on August 1, 2004, he dislocated one of his ribs and requested emergency treatment. Plaintiff was prescribed Motrin. On August 2, 2004, plaintiff was seen by defendant Thomatos. Defendant noted that plaintiff's twelfth rib was displaced

2

anteriorly and diagnosed plaintiff as having probable lower rib fracture. Defendant prescribed Motin and an ace bandage wrap, but provided no further treatment pending receipt of the x-rays. On August 3, 2004, x-rays were obtained.

On August 16, 2004, plaintiff was seen by defendant Iannone. The x-ray report stated "normal left ribs." (Amend. Comp., p. 4.) On August 23, 2004, plaintiff was seen again by defendant Thomatos. Plaintiff told defendant that the Motrin was not helping. Defendant noted that plaintiff still had anterior displacement of the ribs, told plaintiff that he would probably have the deformity forever, but that the pain would subside in six to eight weeks.

On September 29, 2004, plaintiff was seen by defendant Sydenstricker concerning his inmate appeal. Plaintiff stated he was still having pain and requested treatment from an orthopedic physician and an MRI, but his request was denied.

Plaintiff alleges that as of November 17, 2005, his condition has worsened.

          1.          <u>Claims Against Defendants Thomatos and Iannone</u>

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" <u>Toguchi v. Chung</u>, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting <u>Hallett v. Morgan</u>, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1059 (9th Cir. 1992), <u>overruled on other grounds</u>, <u>WMX Techs., Inc. v. Miller</u>, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

Plaintiff's allegations do not support a claim that his rights under the Eighth Amendment were violated by defendants Thomatos and Iannone. "Deliberate indifference is a high legal

standard." Toguchi, 391 F.3d at 1060. "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

At most, plaintiff allegations establish that he disagrees with defendants' course of treatment for his injured ribs and believes he should be provided with additional and different treatment. However, "[a] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a s 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). Plaintiff's allegations simply do not support a claim that defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health . . . ." Farmer, 511 U.S. at 837.

                2.       Claim Against Defendant Malf

Defendant Malf is the warden at SCC. Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of respondeat superior. When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

Plaintiff was provided with medical care and decisions were made concerning plaintiff's medical care by staff members at SCC. Plaintiff may not attempt to impose liability on individuals who were not involved in plaintiff's care because they hold managerial positions and are responsible for overseeing the prison system or individual prisons. Liability based on actions of subordinates is precluded under section 1983, unless plaintiff is able to allege facts demonstrating some personal involvement in his care, as set forth in the preceding paragraph. In this instance, the amended complaint contains no facts supporting a claim that defendant Malf violated plaintiff's constitutional rights.

### 3. Claim Against Defendant Sydenstricker

Defendant Sydenstricker interviewed plaintiff concerning his inmate appeal, which was granted in part and denied in part. The resolution of plaintiff's inmate appeal by defendant does not support a claim for deliberate indifference to plaintiff's serious medical needs. The inmate appeals process "does not confer any substantive right upon" plaintiff and does not serve as a basis for the imposition of liability under section 1983. Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Defendant's consideration of plaintiff's appeal does not give rise to a claim for relief against defendant for deliberate indifference to plaintiff's medical needs.

### C. Conclusion

The court finds that plaintiff's amended complaint does not state a claim upon which relief may be granted under section 1983 for deliberate indifference to plaintiff's serious medical needs, in violation of the Eighth Amendment. Plaintiff was previously provided with the opportunity to amend but was unable to cure the deficiencies. Plaintiff disagrees with the course of treatment prescribed by prison officials. This disagreement is insufficient to give rise to a claim for relief under section 1983 for violation of the Eighth Amendment. Accordingly, the court HEREBY

///

1 | RECOMMENDS that this action be dismissed, with prejudice, for failure to state a claim upon
2 | which relief may be granted under section 1983.
3 |      These Findings and Recommendations will be submitted to the United States District Judge
4 | assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)**
5 | **days** after being served with these Findings and Recommendations, plaintiff may file written
6 | objections with the court.  The document should be captioned "Objections to Magistrate Judge's
7 | Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
8 | specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d
9 | 1153 (9th Cir. 1991).

11 | IT IS SO ORDERED.
12 | **Dated:   May 22, 2006**               /s/ Sandra M. Snyder
    icido3                                               UNITED STATES MAGISTRATE JUDGE

6